UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| TINA R. RICKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 2:25-CV-88 |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

On June 5, 2025, Claimant brought this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security. [Doc. 1]. Upon consent of the parties pursuant to 28 U.S.C. § 636(c), this Court has jurisdiction over this matter through entry of final judgment. [Doc. 8].

Claimant filed her brief on August 29, 2025, and in it contends that this matter should be remanded because the administrative law judge ("ALJ"): 1) improperly considered the opinion evidence offered by George M. White, M.D., Claimant's treating hand surgeon, 2) failed to evaluate the opinions offered by three vocational experts whose opinions were submitted by Claimant, 3) erred by not evaluating the third-party statements offered by Claimant's husband and her former employer, and 4) improperly evaluated Claimant's non-exertional limitations and symptoms in formulating Claimant's RFC. [Doc. 10, p. 1-2]. In response, the Commissioner asserts that substantial evidence supported the ALJ's opinion, and the Commissioner's more specific arguments in support will be addressed below as necessary to fully consider the issues raised by Claimant. [Doc. 14].

After the parties filed their briefs, the Court conducted oral argument in this matter by video on May 13, 2026. During the hearing, John P. Dreiser, Esq., appeared and offered argument for Claimant and Sarah Preston, Esq. appeared and offered argument for the Commissioner.

## I. APPLICABLE LAW – STANDARD OF REVIEW

In considering the issues raised by Claimant, the Court is mindful that a review of the Commissioner's findings is narrow. The Court is limited to determining (1) whether substantial evidence supported the factual findings of the Administrative Law Judge ("ALJ") and (2) whether the Commissioner conformed to the relevant legal standards. 42 U.S.C. § 405(g); *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Put differently, it "must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn is one of fact for the jury." *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 111 (6th Cir. 2010) (quoting *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 841 (6th Cir. 1986)).

The Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). At the same time, the Court may consider any evidence in the record, regardless of whether it was cited by the ALJ. *Huizar v. Comm'r of Soc. Sec.*, 610 F. Supp. 3d 1010, 1015 (E.D. Mich. 2022) (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d. 528, 535 (6th Cir. 2001)). A decision supported by substantial evidence must stand, even if the evidence could also support a different decision. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010) (citing *Blakely*, 581 F.3d at 405); *see also Richardson v. Saul*, 511 F. Supp. 3d 791, 797 (E.D. Ky. 2021). On the other hand, a decision

supported by substantial evidence "will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007); *see also Ackles v. Comm'r of Soc. Sec.*, 470 F. Supp. 3d 744, 752 (N.D. Ohio 2020).

A claimant must suffer from a "disability" as defined by the Act to be eligible for benefits. "Disability" includes physical and mental impairments that are "medically determinable" and so severe as to prevent the claimant from (1) performing his past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. 42 U.S.C. § 423(a). A five-step sequential evaluation applies in disability determinations. 20 C.F.R. § 404.1520. The ALJ's review ends with a dispositive finding at any step. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). A full review addresses five questions:

1.  Has the claimant engaged in substantial gainful activity?

2.  Does the claimant suffer from one or more severe impairments?

3.  Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Part 404, Subpart P, Appendix 1?

4.  Considering the claimant's Residual Functional Capacity ("RFC"), can he or she perform his or her past relevant work?

5.  Assuming the claimant can no longer perform his or her past relevant work, and considering the claimant's age, education, past work experience, and RFC, do significant numbers of other jobs exist in the national economy which the claimant can perform?

*See* 20 C.F.R. § 404.1520. A claimant has the burden to establish benefits entitlement by proving the existence of a disability. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). It is the Commissioner's burden to establish a claimant's ability to work at step five. *Id.*; *see also Jones v. Berryhill*, 392 F. Supp. 3d 831, 855 (M.D. Tenn. 2019).

## II. ANALYSIS

### a. Claimant's contentions that the ALJ erred in failing to adopt the limitations assigned by her treating hand surgeon, failed to properly consider third-party statements offered, and improperly evaluated Claimant's non-exertional limitations and symptoms in formulating her RFC

Three of the issues raised by Claimant are subject to being addressed jointly, and those are whether the ALJ properly considered the opinion evidence offered by George M. White, M.D., Claimant's treating hand surgeon, whether he erred by not evaluating the third-party statements offered by Claimant's husband and her former employer, and whether he improperly evaluated Claimant's non-exertional limitations and symptoms in formulating Claimant's RFC. In doing so, the Court first turns to the opinions offered by Dr. White regarding Claimant. Dr. White performed a right suspensionplasty for Claimant on January 22, 2020. (Tr. 668). Ultimately, Dr. White diagnosed Claimant with chronic arthritis of her right hand which he described as treating conservatively. (Tr. 822). Dr. White opined that due to this condition, she was permanently restricted to no lifting over 10 pounds and no repetitive or dexterous pinching or grasping activities. (Tr. 635, 813).

Both Claimant's husband, Greg Rickman, and her former employer, David L. McIntosh, DMD, provided third-party statements about Claimant's condition. In the statement offered by Claimant's husband, he provided details regarding how Claimant's use of her right hand impacted her ability to function but did not reference any other physical difficulties that she faced. (Tr. 419-420). As to Dr. McIntosh, while he provided a glowing statement regarding Claimant's nineteen-year tenure with his orthodontic practice, he did not actually opine that Claimant would be unable to perform her former job duties. (Tr. 416). Instead, Dr. McIntosh stated that Claimant had indicated she would be unable to perform her former job because of her thumb. *Id.*

Claimant also broadly claims that the ALJ erred in his evaluation of her non-exertional limits of pain and fatigue but does not provide any details about what pain and fatigue she is referring to or which symptoms he failed to evaluate. While Claimant alleges that the boilerplate language used by

the ALJ to evaluate her symptom claims was legally insufficient, Claimant's own failure to fully develop this argument deprives the Court of the ability to fully consider it. *See Rice v. Comm'r of Soc. Sec.*, 169 F. App'x. 452, 454 (6th Cir. 2006) (a plaintiff's failure to develop an argument challenging an ALJ's non-disability determination amounts to a waiver of that argument). To the extent that Claimant is referring in any way to how the ALJ addressed her alleged limitations due to knee and hip pain, Claimant has failed to cite to medical evidence of record in support. Although Claimant testified that she had pain and limitations due to knee and hip problems, the Court finds that the ALJ sufficiently demonstrated why he included no limitations related to either condition in formulating Claimant's RFC. The ALJ specifically cited to the medical evidence of record in explaining why neither condition limited Claimant's ability to work. (Tr. 22-24).

The Court will now turn back to addressing the issue of the ALJ's treatment of Claimant's right-hand condition and the opinions offered regarding that condition. Claimant rightly notes that the ALJ discounted the limitations assigned by Claimant's treating hand surgeon in favor of those offered by consultative examiner David H. McConnell, M.D. (Tr. 24). However, the Court finds that even if the ALJ should have adopted the more stringent limits offered by Dr. White, which were supported by Claimant's testimony and the third-party statement provided by her husband, the error would have been harmless. *See Lawson v. Comm'r of Soc. Sec. Admin.*, No. 3:22-CV-351, 2024 WL 3827566 (E.D. Tenn. Aug. 13, 2024) (citing *Pechatsko v. Comm'r of Soc. Sec.*, 369 F. Supp. 2d 909, 914-15 (N.D. Ohio 2004) ("For a court to affirm on the ground of harmless error, two preconditions must exist: (1) a fully developed record as to all factual issues essential to the decision, and (2) no substantial doubt that the agency would have made the same ultimate finding with the erroneous, subsidiary finding removed from the picture.")).

The Court bases this determination on the testimony provided by vocational expert Adrian Bentley Hankins, Ph.D. ("VE") during Claimant's hearing before the ALJ. In his testimony, the VE opined that with the RFC formulated by the ALJ, Claimant retained the ability to perform the jobs of crossing guard, usher, and school bus monitor. (Tr. 48-49). However, even when the ALJ modified

his hypothetical to account for the limitations assigned by Dr. White, the VE opined that Claimant retained the ability to perform work as a crossing guard and an usher. (Tr. 50). Given that the VE opined that jobs still existed that Claimant could perform even if Dr. White's more restrictive limitations were adopted as part of Claimant's RFC, the Court cannot find that the ALJ committed reversible error through formulating Claimant's RFC.

### b. Claimant's contention that the ALJ failed to properly evaluate three of the five vocational expert opinions offered

Despite the Court's findings above, those determinations do not end the inquiry into whether the ALJ committed reversible error in issuing his decision. As an additional assignment of error, Claimant asserts that the ALJ erred in failing to consider within his decision the three vocational opinions offered by Claimant regarding whether there were jobs available to her in the national economy given her limitations. Claimant alleges that this failure to articulate is fatal, even if the ALJ's decision to credit the testimony of VE Hankins might have otherwise been upheld. In contrast, the Commissioner asserts that the statements of other vocations experts were submitted long before Claimant's most recent hearing was held and notes that none address the specific occupations that VE Hankins found Claimant could perform. Instead, the Commissioner notes that the statements all relate directly to testimony offered at Claimant's previous hearing before the ALJ. Further, the Commissioner notes that Claimant's counsel did not reference these statements during Claimant's most recent hearing.

During oral argument, Claimant's counsel asserted that because the statements were made an exhibit to the most recent hearing, that the ALJ was required to demonstrate that he considered the statements and that Claimant's counsel was not required to raise the issue of their existence during the hearing. The Commissioner's counsel noted that the ALJ had refused to consider the VE statements submitted by Claimant's counsel during the earlier hearing due to lack of prior notice by counsel that they would be offered.

In order to adequately consider the arguments made by the parties as to this issue, the Court

will summarize the other VE evidence contained in Claimant's record. Katherine Jett ("VE Jett") served as the vocational expert during Claimant's initial hearing held on November 9, 2022. (Tr. 899). VE Jett advised that with the limitations included within the ALJ's RFC, Claimant would be able to perform the jobs of marker, router, and photocopy machine operator. (Tr. 901-902). During Claimant's examination of VE Jett, she advised that all three jobs identified would require frequent bilateral fingering and handling. (Tr. 903). At no point did either the ALJ or Claimant's counsel pose a hypothetical to VE Jett which asked her whether Claimant would be able to perform any work if she was merely limited to no lifting over 10 pounds and no repetitive use of the right upper extremity. Instead, she was specifically asked about Claimant being limited to "occasional use of the right dominant upper extremity for handling and fingering" in the context of sedentary work. (Tr. 903).[1]

Following Claimant's initial hearing, her counsel submitted the opinions of three vocational experts. These were clearly offered to counter the opinion provided by VE Jett during Claimant's hearing held on November 9, 2022. Donna J. Bardsley, M.S., CVE ("VE Bardsley") opined that Claimant could perform none of the occupations that VE Jett had identified. (Tr. 426). She further opined that if Claimant was limited to "occasional handling and fingering with the right upper extremity" that there would be no occupations that she could perform because "they would require greater than occasional handling with both upper extremities.". *Id.* Edward M. Smith, MS, CRC, CCM fully concurred with VE Bardsley's assessment. (Tr. 431). Jane L. Hall, RN, MS, CDMS, CCM, CRC, ABVE ("VE Hall") opined that none of the jobs identified by VE Jett could be performed by Claimant but did not specifically address the issue of whether Claimant would be precluded from work if she could only occasionally handle and finger with the right upper extremity. (Tr. 440-443).

In considering whether the ALJ erred in failing to specifically address these opinions, the Court turns to the specific jobs that VE Hankins opined that Claimant could perform, even if the

---

[1] The Court notes that the record evidence has not demonstrated that Claimant is limited to sedentary work.

limitations assigned by Dr. White were imposed. Those two positions were crossing guard (DOT Code 371.567-010) and usher (DOT Code 344.677-014). According to their descriptions, neither position would involve Claimant handling or fingering repetitively with her right upper extremity nor would they require her to lift more than ten pounds. None of the VE opinions offered by Claimant previously address whether Claimant retained the ability to perform these particular jobs which are squarely in keeping with the limitations assigned by Dr. White. For that reason, the Court finds that those opinions were not relevant to the ALJ's consideration of the jobs about which VE Hankins opined during Claimant's most recent hearing, and it was not error for him to fail to articulate regarding those opinions. *See Loveday v. Comm'r of Soc. Sec.*, No. 1:15-CV-196, 2016 WL 4943811 (E.D. Tenn. Sept. 15, 2016), *judgment entered*, No. 1:15-CV-196, 2016 WL 4926184 (E.D. Tenn. Sept. 15, 2016) (stating that the substantial evidence standard does not require the ALJ "to support his or her decision with discussion of every aspect of the record.

### III. CONCLUSION

While there is no question that Claimant faces significant physical health challenges, for the reasons stated above the Court must find that substantial evidence supported the ALJ's decision, that he conformed to the relevant legal standards, and that any error he committed was harmless. Accordingly, the Court **DENIES** the relief requested in Claimant's Complaint and Brief. [Docs. 1, 10] and **AFFIRMS** the final decision of the agency.

SO ORDERED:

/s/Cynthia Richardson Wyrick  
United States Magistrate Judge